THE COMMERCIAL UNION ASSURANCE COMPANY (Limited) OF LONDON, Respondent, v. HENRY C. BAUER, Appellant, Impleaded with PETER KOENNE.

*An answer that the defendant " signed a paper substantially of the tenor and effect set forth in said complaint," followed by a denial of knowledge or information " whether the same was duly signed and executed," admits the execution and sealing of the paper.*

In an action to recover upon a bond the complaint alleged that the defendants duly signed, executed and delivered their certain bond, or written obligation, to the plaintiff. The answer of one of the defendants alleged " that on or about the 28th day of January, 1886, this defendant signed a paper substantially of the tenor and effect set forth in said complaint, and left the same with one James W. Wheaton, but this defendant has no knowledge or information sufficient to form a belief as to whether the same was duly signed and executed by the

defendants, or whether the same was duly delivered to the plaintiff as alleged in said complaint."

*Held,* that, under the pleadings, this defendant was not at liberty to give evidence to show that he had not executed the bond, or that it had not been sealed by him.

APPEAL by the defendant Henry C. Bauer from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 13th day of January, 1890, in favor of the plaintiff, after a trial before the court and a jury at the New York Circuit, at which a verdict was rendered in favor of the plaintiff for $2,011.25.

The action was brought upon a bond alleged to have been executed by the defendants, conditioned that James W. Wheaton would discharge well and truly his duties as agent of the plaintiff, etc.

*Robert E. Connelly,* for the appellant.

*John Notman,* for the respondent.

DANIELS, J.:

The verdict was directed for the amount owing by James W. Wheaton, for moneys received by him, as the plaintiff's agent, and which he had failed to pay over. The defendant Bauer was held liable for the amount under the obligations of a bond executed by himself and the other defendant as sureties for the agent. The amount for which the agent was in default was proved by his reports and accounts, and that proof was not controverted upon the trial.

But the defendant's counsel propounded questions to him as a witness in his own behalf, which were expected to obtain answers showing that the bond was not filled out nor sealed when he subscribed his name to it. These questions were objected to by the plaintiff's counsel, and the answers were excluded by the court. The evidence was considered to be inadmissible under the issues framed by the defendant's answer. And whether that was the correct view to be taken of the pleadings is the sole point raised by the appeal.

That part of the complaint which alleged the execution of the bond is as follows:

*Second.* That on or about the 28th day of January, 1886, the said defendants duly signed, executed and delivered their certain bond

or written obligation to the plaintiff, dated on said last-mentioned day, and sealed with their seals, wherein and whereby they jointly and severally bound themselves, their respective heirs, executors and administrators to this plaintiff in the sum of $2,000, upon the condition (it being recited in said bond that " said James W. Wheaton has been appointed agent of the plaintiff at Brooklyn, E. D., in the County of Kings, New York ") that if the said James W. Wheaton should well and truly discharge his duties as such agent, and should pay over to the plaintiff all funds thereto received by him as such agent, and should well and truly conform to and obey all the regulations of the plaintiff, communicated to him from time to time touching the issuing of policies, the collecting of premiums thereon and all other matters pertaining to the business of the said agency, then the said bond or obligation should be null and void, otherwise to remain in full virtue, force and effect; and that it was further provided in said bond that proof of the plaintiff's incorporation was waived.

And the entire answer to these allegations was, that on or about the 28th day of January, 1886, this defendant signed a paper substantially of the tenor and effect set forth in said complaint, and left the same with one James W. Wheaton; but this defendant has no knowledge or information sufficient to form a belief as to whether the same was duly signed and executed by the defendants, or whether the same was duly delivered to the plaintiff as alleged in said complaint, and said paper is the same alleged in the complaint to be the bond or written obligation of defendant, and no other. The residue of the complaint, as well as of the answer related to the fact of Wheaton's default and the amount of it. And these matters were distinctly put in issue.

But it is reasonably clear that the answer was not intended to deny the execution of the bond by the defendant. It contains a distinct admission that he signed an instrument of the tenor and effect of that set forth in this part of the complaint, without any denial that it had been sealed by him. And that omission to deny was of itself an admission that it had been sealed by him. The admission expressly made was, that the instrument he signed was substantially of the tenor and effect set forth in the complaint, and that, as the plaintiff

had described it, was a completed instrument, filled out and sealed by the defendant. He, therefore, was not at liberty to controvert these facts, or either of them, by proof at the trial. By his answer he had, in its legal effect, admitted them, and had thereby excluded his right to disprove them by evidence.

The judgment, consequently, was right, and it should be affirmed.

Van Brunt, P. J., and Brady, J., concurred.

Judgment affirmed.